[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves petitions filed by the Department of Children and Families (hereinafter the "Department") which seeks to terminate the parental rights of Joseph D. to his children, Elizabeth D., date of birth and Jonathan D., date of birth. The petitions were filed on October 6, 2000. The mother, Patricia V., is contesting the termination of her parental rights.
A default trial was held on July 12, 2001 regarding the father, Joseph D. The Court finds that the father was duly served, and was represented by court-appointed counsel. There have been four (4) hearings, (2) judicial pretrials and one (1) case status conference on the termination petitions. Father was present at the initial plea hearing and the case status conference,[1] both pursuant to a habeous. The father did not appear for either judicial pretrial conference or either of the two (2) remaining court hearings, which included the default trial on July 12, 2001, for which he was specifically given notice by publication. The court has jurisdiction over this matter; there is no pending action affecting custody of this child in any other court; and reasonable efforts have been made to locate the father and reunify him with his children.
The Department seeks termination on the grounds that the children have been abandoned by their father in the sense that he has failed to maintained a reasonable degree of interest, concern, or responsibility as to the welfare of the children; that the children have been found in a prior proceeding to have been neglected or uncared for and the father has failed to achieve such degree of personal rehabilitation as would encourage the belief that, within an reasonable time, considering the age a needs of the children, he could assume a responsible position in the life of the children; and that there is no ongoing parent-child CT Page 10443-z relationship with respect to the father that ordinarily develops as a result of a parent having met on a continuing, day to day basis the physical, emotion, moral or educational needs of the children and to allow further time for the establishment or re-establishment of the parent-child relationship would be detrimental to the best interests of the children.
This Court, having reviewed the verified petition and other evidence presented at trial, and having heard the testimony of Enid Morales, Department social worker, makes the following factual findings and reasonable inferences supported by those findings:
FINDINGS OF FACT
Elizabeth and Jonathan were committed to the Department on October 18, 1999, after having been removed from the home on two(2) occasions. Specific Steps were ordered by the court on March 19, 1999, when the children were removed on an Order of Temporary Custody, to assist Mr. D. with reunification with his children. They include: keep all appointments set by or with the Department; keep whereabouts know to the Department, his attorney and children's attorney; participate in counseling and make progress toward the identified treatment goals, i.e., parenting and individual; submit to a substance abuse assessment and follow recommendations regarding treatment and successfully complete any recommended treatment; submit to random drug testing; sign releases authorizing the Department to communicate with service providers; secure and/or maintain adequate housing and legal income; no substance abuse; no further involvement with the criminal justice system; and cooperate with the Office of Adult Probation or parole officer and comply with conditions of probation or parole.
Mr. D, has not maintained contact with the Department. He was incarcerated on August 7, 2000 and was released on January 6, 2001. Upon his release, he did not contact the Department or otherwise inform them of his address or whereabouts. Mr. D. has failed to contact Department since that time other than to have a third agency contact the Department in December, 2000 and have that agency send the Department presents to be delivered to his children. No evidence was presented that Mr. D. participated in any treatment services available to him while incarcerated. Mr. D. has failed to participate in any of the Specific Steps set by the Court.
ADJUDICATION CT Page 10443-ba
With respect to the grounds alleged for termination of parental rights, the Court finds that the petitioner has established by clear and convincing evidence, that father has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of this child, he could assume a responsible position in the life of his children. C.G.S. Sec.17a-112 (c). The father was offered numerous services to assist him with reunification with his son. Father has done virtually nothing since their commitment to bring himself into a position in which he could provide adequate care for these children.
The Court finds by clear and convincing evidence, that the children have been abandoned by their father. Since March 11, 1999, when Elizabeth and Jonathan were placed in the care of the Department, Joseph D. has never visited or requested to visit his children, despite the fact that he could have visited them on a weekly basis. He has never sent cards or gifts to the children other than to arrange to have a third agency send them Christmas gifts in December, 2000. He has not called the Department to inquire about their welfare. He has never paid child support on behalf of the children. He has not made the Department aware of his whereabouts since his release from prison January 5, 2001. Previous to his incarceration, his whereabouts were unknown to the Department from March 15, 1999 to September 26, 2000.
The Court finds by clear and convincing evidence, that as of July 12, 2000, there was no ongoing parent-child relationship between the either child and their father. Neither Elizabeth nor Jonathan recognizes Mr. D. as their parent in that they would not seek comfort from or go to him to have their needs met. Neither child has seen their father since March 15, 1999, and they have no present memories of him.
REQUIRED FINDINGS
The court makes the following factual findings based upon the clear and convincing evidence required by C.G.S. Sec. 17a-112 (e):
(1) Appropriate and timely services were provided by the Department to father. Throughout the years from the first Department involvement of October 24, 1997 through the present, father has been informed by the Court and the Department that he needs to enhance his parenting skills, secure adequate housing and income, and participate in appropriate counseling and treatment. These were appropriate services under the circumstances of this case. CT Page 10443-bb
(2) The court finds by clear and convincing evidence that the Department made reasonable efforts to reunify these children with their father pursuant to the federal Adoption Assistance and Child Welfare Act of 1980. Father failed to follow through with virtually all efforts.
(3) The Department set reasonable and realistic goals embodied in the Specific Steps issued on March 15, 1999. Father was unable to successfully comply with or benefit from services offered. He failed to complete parenting classes in a timely manner and has failed to demonstrate improvement in his parenting ability. He failed to attend individual therapy on a regular and consistent basis to address his mental health and anger management issues; He failed to attend substance abuse treatment on a regular and consistent basis and has failed to follow recommendations of substance abuse evaluations. To the Department's knowledge, father has been unable to maintain adequate housing.
(4) Regarding the children's emotional ties to their father, neither child has a connection or bond with their father. Mr. D. has been whereabouts unknown for a significant period of the children's lives. The children have no memories of their father and do not recognize him as their parent in that they would not seek comfort from or go to him to have their needs met. Jonathan is significantly bonded to his foster parent. He seeks comfort from her and goes to her to have his needs met. Likewise, Elizabeth is significantly bonded to her foster parent. She seeks comfort from her and goes to her to have her needs met.
(5) Elizabeth is now seven (7) years old, and Jonathan is now nine (9) years old. They have been in foster care since March, 1999. They are in need of permanency and to allow further time for the re-establishment of a parent-child relationship with their father would be detrimental to the best interests of these children.
(6) Regarding efforts of the father to adjust his circumstances, conduct or conditions to make it is the best interests of the children to return to his home in the foreseeable future and (A) the extent to which the father has maintained contact with the child as part of an effort to reunite the child with the father, and (B) the maintenance of regular contact or communications with the guardian or other custodian of the children. Mr. D. has not contacted the Department since his release from prison in January, 2001, and has not informed them of his whereabouts. He has not involved himself in services which would assist him in becoming a parent to his children. He has not seen either of his children in over a year. CT Page 10443-bc
(7) No inappropriate conduct is noted on the part of anyone which would have prevented the father from having a meaningful relationship with his children. The Department took reasonable steps to encourage the father to do what was necessary to be able to become involved in the life of his children. There was no evidence that economic circumstances prevented father from having a meaningful relationship with the children.
DISPOSITION
Elizabeth and Jonathan have never been in the care of their father. Mr. D. had been incarcerated for a significant period of these children's lives. They require stability which their father is unable now, or within a reasonable period of time, to provide for them.
It is, therefore, in the best interest of Elizabeth D. and Jonathan D. that a termination of parental rights enter with respect to their father Joseph D., and accordingly, a termination of his parental rights is ordered. Mother remains as the sole parent and a trial will go forward regarding her parental rights.
Patricia Lilly Harleston, Judge